**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| VINCENT S. MICELI. | : | CIVIL CASE NO. |
|    Plaintiff, | : | 3:23-CV-01294 (JCH) |
| | : | |
| v. | : | |
| | : | |
| WEARABLE HEALTH SOLUTIONS, INC., | : | JUNE 24, 2025 |
| HARRYSEN MITTLER, | : | |
| PETER PIZZINO, | : | |
|    Defendants. | : | |

**RULING ON DEFENDANTS' MOTION FOR LEAVE TO MODIFY PRETRIAL ORDER AND RULE 26(f) REPORT TO FILE MOTION FOR PARTIAL SUMMARY JUDGMENT (DOC. NO. 96)**

Defendants' Motion for Leave to Modify Pretrial Order and Rule 26(f) Report to File Motion for Partial Summary Judgment (Doc. No. 96) is denied. The deadline for filing dispositive motions was November 15, 2024. Further, and more significantly, the proposed Motion for Summary Judgment filed on June 17, 2025 (Doc. No. 97), is unfounded. It is based on the argument that Mr. Miceli was not an employee, but rather regarded himself as being self-employed; thus, the defendants could not have paid him wages. See Memorandum in Support, (Doc. No. 97-1), ("Def.s' Mem.") at 6–7. Mr. Miceli's employment status is a question of fact, and the Connecticut Supreme Court has previously affirmed courts concluding 1099 filers were employees under Connecticut's wage law. Tianti, ex rel. Gluck v. William Raveis Real Est., Inc., 231 Conn. 690, 699 (1995) ("The defendant claims that both claimants were independent contractors because they received 1099 forms rather than W–2 forms for income tax purposes, and that they did not receive medical benefits. While these factors weigh in

the defendant's favor, they are insufficient to persuade us that the claimants were not employees for the narrow purposes of § 31–72").

The defendants further base their Motion on the argument that Mr. Miceli was a senior member of the company's leadership team and, as a result, cannot be considered an employee.  Def.s' Mem. at 6.  This argument is also unfounded as the Act defines an employee to include "<u>any</u> person suffered or permitted to work by an employer."  Conn. Gen. Stat. Ann. § 31-71a (emphasis added).

The defendants raise a few more arguments, such as whether Mr. Miceli can seek non-payment of travel expenses or deferred bonuses under the statute.  Def.s' Mem. at 7–9.  However, other monies sought by Mr. Miceli, such as bonuses, seem likely to be wages so long as Mr. Miceli can prove he earned them under the Agreement.  <u>Geysen v. Securitas Sec. Servs. USA, Inc.</u>, 322 Conn. 385, 394 (2016) ("the wage statutes, as a whole, do not provide substantive rights regarding how a wage is earned; rather, they provide remedial protections for those cases in which the employer-employee wage agreement is violated.").  While the defendants' remaining arguments may have some merit, they can be raised in connection with the trial.  These arguments do not justify the tardy timing of the proposed summary judgment motion.

Defendants' Motion for Leave to Modify Pretrial Order to File Motion for Partial Summary Judgment (Doc. No. 96) is denied, and defendants' Motion for Summary Judgment (Doc. No. 97) is denied as moot.

**SO ORDERED.**

Dated at New Haven, Connecticut this 24th day of June 2025.

 /s/ Janet C. Hall
Janet C. Hall
United States District Judge