**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

|                                                    |     |                                        |
|----------------------------------------------------|-----|----------------------------------------|
|                                                    | :   | CIVIL CASE NO.                         |
|                                                    | :   | 3:23-CV-01294 (JCH)                    |
| VINCENT S. MICELI,                                 | :   |                                        |
|     Plaintiff,                 | :   |                                        |
|                                                    | :   |                                        |
| v.                                                 | :   |                                        |
|                                                    | :   | MAY 29, 2026                           |
| WEARABLE HEALTH SOLUTIONS, INC.,                   | :   |                                        |
| HARRYSEN MITTLER,                                  | :   |                                        |
| PETER PIZZINO,                                     | :   |                                        |
|     Defendants.                | :   |                                        |

**RULING ON MOTION FOR ATTORNEY'S FEES (DOC. NO. 164)**

## I. INTRODUCTION

The plaintiff, Vincent S. Miceli ("Mr. Miceli"), moves this court to award attorneys'

fees and costs against the defendant, Wearable Health Solutions, Inc., and Harrysen

Mittler, jointly and severally.  See Motion for Attorneys' Fees (Doc. No. 164).  Mr. Miceli

asks for fees in the amount of $107,015.44, and costs in the amount of $2,849.04, to be

awarded.  Id.  No opposition was filed.

The matter was tried to a jury from March 17 to March 20, 2026.  On March 20,

2026, the jury returned a verdict in favor of Mr. Miceli in the amount in the amount of

$223,870.44 in unpaid wages, $419,165.87 in severance, and $223,870.44 in double

damages under the wage act.  See Judgment. (Doc. No. 162).  The court entered

Default Judgment against Mr. Mittler.  See Ruling for Default Judgment. (Doc. No. 166).

## II. LEGAL STANDARD

As a general matter, the "starting point" in analyzing whether claimed attorney's

fees are appropriate is the lodestar.  See Millea v. Metro-North R.R. Co., 658 F.3d 154,

166 (2d Cir. 2011).  The "lodestar" is "the product of a reasonable hourly rate and the reasonable number of hours required by the case."  Id.

"The reasonable hourly rate is the rate a paying client would be willing to pay." See Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany, 522 F.3d 182, 190–91 (2d Cir. 2008).  In calculating the reasonable hourly rate, the court applies a presumption in favor of calculating fees based on the prevailing rates in the forum in which the litigation was brought.  See Kyros Law P.C. v. World Wrestling Enter., Inc., 78 F.4th 532, 547 (2d Cir. 2023).  Thus, "[w]hen an attorney's requested hourly rate is higher than rates found to be reasonable in the relevant market, it is within the Court's discretion to reduce the requested rate."  See Savino v. Computer Credit, Inc., 164 F.3d 81, 87 (2d Cir. 1998).

As for the reasonableness of the hours expended, a district court must conduct "a conscientious and detailed inquiry into the validity of the representations that a certain number of hours were usefully and reasonably expended."  See Lunday v. City of Albany, 42 F.3d 131, 134 (2d Cir. 1994). A party may "satisf[y] his burden by providing detailed itemization of the hours expended reconstructed through contemporaneous billing records."  See Hernandez v. Berlin Newington Assocs., LLC, No. 3:10-cv-1333 (VLB), 2016 WL 5339720, at *5 (D. Conn. Sept. 22, 2016).  Counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary."  See Hensley v. Eckerhart, 461 U.S. 424, 434 (1983).

Adjustments to the lodestar calculation "are appropriate only in 'rare circumstances,' because the 'lodestar figure [already] includes most, if not all, of the

2

relevant factors constituting a reasonable attorney's fee.' " See Millea, 658 F.3d at 167 (quoting Perdue v. Kenny A ex rel. Winn, 559 U.S. 542, 553–54 (2011)).  For example " '[t]he novelty and complexity of a case generally may not be used as a ground for [adjusting the lodestar]' because they are already included in the lodestar calculation itself, being 'fully reflected in the number of billable hours recorded by counsel.' " Id. (quoting Perdue, 559 U.S. at 553).  Similarly, "the quality of an attorney's performance generally should not be used to adjust the lodestar because considerations concerning the quality of a prevailing party's counsel's representation normally are reflected in the reasonable hourly rate." Perdue, 559 U.S. at 553.

The party seeking fees bears the burden of demonstrating that its request is reasonable and must provide the court with sufficient information to assess its application.  See Evans v. State of Conn., 967 F. Supp. 673, 691 (D. Conn. 1997) ("The burden is on the fee applicant to produce satisfactory evidence, in addition to the attorney's own affidavits, showing that the requested rates are in line with those prevailing in the community for similar services."); Hernandez, 2016 WL 5339720, at *5 (finding party satisfied burden by producing contemporaneous billing records). In addition to evidence adduced by counsel, "[a] district court may take judicial notice of the rates awarded in similar cases and may rely on its own familiarity with the rates prevailing in the district." See Hernandez, 2016 WL 5339720, at *3.

## III.    DISCUSSION

The jury returned a verdict for Mr. Miceli on Count One of his Complaint for Breach of Contract; and Count Two of his Complaint for Violation of Connecticut's Wage Statute.  See Judgment (Doc. No. 162).  Mr. Miceli's Employment Agreement (Trial Exhibit 3), provided that:

Attorney's Fees. If any Party hereto shall bring an action at law or in equity to enforce its rights under this Agreement, the prevailing Party in such action shall be entitled to recover from the Party against whom enforcement is sought its or his costs and expenses incurred in connection with such action (including reasonable fees, disbursements and expenses of attorneys and costs of investigation).

Connecticut's Wage Statute, Conn. Gen. Stat. §31-72 further provides that Mr. Miceli "shall recover . . . costs and such reasonable attorney's fees as may be allowed by the court."

Mr. Miceli submited the Affidavit of his Attorney, Anthony R. Minchella, and included a detailed printout of attorneys' time billed and rates, and Mr. Miceli requests that  the Court award attorneys' fees in the amount of $107,015.44 and costs in the amount of $2,849.04.  See Motion for Attorney's Fees.  Upon reviewing the rates, the court finds this request reasonable.

Mr. Minchella has 30 years of legal experience.  Mr. Michella detailed his billing practices and provided precise timekeeping records to the court.  Mr. Michella's billing rate, for this matter, was $475.00 per hour, a rate below his usual billing rate.  This is in line with rates for attorneys with similar experience.  See generally McCullough v. World Wrestling Ent., Inc., No. 3:15-CV-1074 (JAM), 2021 WL 4472719 (D. Conn. Sept. 30, 2021), aff'd sub nom. Kyros L. P.C. v. World Wrestling Ent., Inc., 78 F.4th 532 (2d Cir. 2023) (awarding, in 2021, $550 per hour for a highly experienced lead counsel); see, also, Esposito v. Nations Recovery Ctr., No. 3:18-cv-02089 (VLB), 2021 WL 2109077 (D. Conn. May 25, 2021) (awarding, in 2021, $450 per hour for national recognized consumer counsel).

The requested rate of $175.00 for Mr. Borden is reasonable.  Mr. Borden billed minimal time and below his current rate of $275.  It appears at the time of his billing in

4

this case he had just begun practicing law.  This $175 rate falls within approved rates of time for beginning counsel.  See Rozell v. Ross-Holst, 576 F. Supp. 2d 527, 545-47 (S.D.N.Y. 2008) (holding that $250 is reasonable for junior associates).

The paralegal rates of $125 to $150 per hour are reasonable.  The District of Connecticut has awarded similar rates before.  See, supra, McCullough ($150 reasonable for paralegal time in complex federal litigation); Dipippa v. Fulbrook Capital Mgmt., 2020 WL 1940759 (finding $115 reasonable for paralegal time several years earlier), citing Negron v. Patriot Auto Sales, LLC, No. 3:17-CV-583 (JCH), 2019 WL 4463440, at *4 (D. Conn. Sept. 17, 2019) (concluding that $150/hour rate for a paralegal is appropriate).

The requested rate of $75 per hour for legal assistants, law students, or clerks is reasonable.  See Esposito (excluding clerical paralegal work but approving $100 for law clerk work involving legal tasks).

Turning to the number of hours charged, the court finds that the hours are clearly reasonable.  Mr. Michella did not charge for his work for preparing and filing a Motion for Summary Judgment, which was later withdrawn.  Additionally, there were no charges for some office conferences, which may have been charged.  Finally, there were no charges for numerous office legal activities that were not charged for, as was appropriate.  Finally, the trial was continued on the eve of trial twice, necessitating time spent re-preparing, which is reasonable.  Mr. Minchella detailed the hours and activities clearly in billing for appropriate tasks and used his time wisely during this litigation.  The court grants all requested fees and costs as reasonable.

## IV.    CONCLUSION

For the reasons stated above, the court finds the requested fees and costs reasonable for Mr. Miceli and grants attorney's fees in the amount of $107,0155.44; and costs in the amount of $2,849.04, against the defendant, Wearable Health Solutions, Inc., and Harrysen Mittler, jointly and severally.

**SO ORDERED.**

Dated at New Haven, Connecticut this 29th day of May 2026.

 /s/ Janet C. Hall
Janet C. Hall
United States District Judge